IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER LEE COLE,       No. CIV S-08-0105-LKK-CMK-P

    Plaintiff,

  vs.       <u>ORDER</u>

D.K. SISTO, et al.,

    Defendants.

                                 /

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1), filed on January 15, 2008.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

1

1   This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,
2   84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied
3   if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon
4   which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must
5   allege with at least some degree of particularity overt acts by specific defendants which support
6   the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
7   impossible for the court to conduct the screening required by law when the allegations are vague
8   and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants:  Warden D.K. Sisto, Dr. Alvaro Traquina, and Dr. John Diana.  Plaintiff states that he suffers a serious medical problem consisting of right shoulder rotator cuff tear and other orthopedic problems.  He claims that he has "tried unsuccessfully" to get defendants Traquina and Diana to perform necessary shoulder surgery.  He states that he was seen by defendant Diana in March 2007, but that he refused to authorize surgery.  It appears that plaintiff claims defendants Traquina and Diana engaged in some kind of "ruse" for two years to falsify paperwork to make it look like surgery was forthcoming.  Plaintiff claims that he has never received necessary shoulder surgery.

Documents attached to the complaint reveal more details about plaintiff's medical treatment.  A May 17, 2007, first level inmate appeal response (Log # CSP-S-07-01238) describes the issues as follows:

> In your first level appeal you state that on March 26, 2006, Nurse Practitioner M. Mahon submitted a request to Radiology for you [to] be given an MRI of your right shoulder.  You state you had the MRI on May 19, 2006, which s[h]owed a severe right shoulder rotator cuff tear.  After your MRI, you state you were seen by Dr. Dayan, Orthopedic Surgeon, who would not perform surgery due to the length of time that had elapsed.  Instead, you were given a cortisone injection, which you claim was ineffective in controlling your pain.  [¶] You are requesting that the Chief Medical Officer over-ride Dr. Dayan's decision and you want to be

1         immediately scheduled for emergency surgery.

2 The May 17, 2007, decision reflects the following findings:

3         You were interviewed by Dr. Noriega on May 4, 2007, and you were provided with an opportunity to fully explain your appeal issues. Additionally, an inquiry of your appeal was conducted, which included a review of your Unit Health Record (UHR), applicable sections of California Code of Regulations (CCR) Title 15, and the Departmental Operations Manual (DOM).

        Results of the inquiry revealed that Dr. Traquina, Chief Medical Officer, does not have the authority to over-rule the surgical opinion provided by Dr. J. Dayan. However, a consultation request was submitted for a second opinion from another orthopedic surgeon.

        Other documents attached to the complaint reveal that, on July 19, 2007, plaintiff was seen by defendant Diana, a doctor with Queen of the Valley Medical Center in Napa, California, who apparently provides orthopedic consultation for the prison. Defendant Diana was plaintiff's treating physician with respect to his shoulder problem. In his report of the July 19th consultation, Dr. Diana states:

        . . . We discussed the possibilities for treatment, including [surgery]. . . . I think he would be a good candidate, based on his clinical evaluation, and radiographs. Will work on the surgical scheduling. He would like to proceed forward with that. . . . [¶] Will proceed with surgical scheduling on the right shoulder in the near future.

According to a September 20, 2007, director's level appeal decision, a copy of which was sent to defendant Sisto, plaintiff had not been seen by an outside orthopedist for a second opinion consultation as of the date of the decision. The September 20, 2007, decision recites the following:

        . . . The appellant contends he has a severe right rotator cuff tear and Dr. Dayan, the off-site orthopedic surgeon refused to perform corrective surgery due to the lapse of time between diagnosis and specialty orthopedic consultation. Upon review of the supporting documentation, this appears to be the case. The appellant was interviewed by Dr. Traquina, CMO, on March 30, 2007, who indicated the appellant was treated by Dr. Dayan . . . who indicated the diagnosis was an irreparable right shoulder, and no surgery was recommended. As a result, a referral for a second opinion was forwarded to the UCSF, Orthopedic Department, and an appointment is still pending. On August 20, 2007, the reviewer was informed by A. Traquina, CMI, the appellant's paperwork has been

> facsimilied to UCSF, and the response from UCSF is still pending. Due to the delay in orthopedic services, a Modification Order is being issued requesting documentation the appellant's orthopedic consultation has been scheduled and/or completed. In the interim, the appellant shall be evaluated by his primary care physician (PCP) every 30 days. . . .

The September 20th decision makes no reference to plaintiff's consultation with defendant Diana in July 2007 and his recommendation that surgery be scheduled. According to the September decision, such a recommendation had yet to be made and no surgery was scheduled. A December 17, 2007, letter from the Division of Correctional Health Care Services indicates that plaintiff was last seen by his treating physician on December 10th and that, as of December 2007, no consultation with UCSF had occurred.

## II.  DISCUSSION

Plaintiff appears to be confused about some of the underlying facts. According to him, defendant Diana saw him in March 2007 regarding his shoulder problem and refused to recommend surgery. However, documents attached to the complaint suggest that Dr. Dayan – not Diana – evaluated plaintiff sometime following his May 2006 MRI and was the one who would not recommend surgery due to the time lapse between diagnosis and speciality orthopedic consultation.[1] Contrary to plaintiff's allegation that defendant Diana refused surgery, attached to plaintiff's complaint is defendant Diana's report of his July 2007 consultation with plaintiff in which he specifically recommend surgery and indicates that surgery will be scheduled. Thus, defendant Diana cannot be liable for refusing to recommend surgery given that the facts reflect that he did in fact recommend surgery. Plaintiff does not set forth any other allegations concerning defendant Diana, other than the passing statement that he and defendant Traquina were involved in a "ruse" to deny treatment. This seems unlikely given that the documents attached to plaintiff's complaint indicate that defendant Diana thought surgery was appropriate.

---

[1] Plaintiff does not assert any allegations relating to this time lapse, which apparently was the sole basis for Dr. Dayan's refusal to recommend surgery.

As to defendant Traquina, the documents attached to the complaint indicate that he was involved as the Chief Medical Officer based on his review of plaintiff's inmate grievance. Specifically, as revealed by the September 20, 2007, appeal decision, plaintiff was interviewed by defendant Traquina on March 30, 2007, and he stated he did not have the authority to override Dr. Dayan's opinion that surgery should not be performed.  There is no explanation why the September 2007 decision did not reference plaintiff's consultation with defendant Diana, at which time he seemed to provide a second opinion and recommend surgery.  Plaintiff does not set forth any allegation suggesting that defendant Traquina knew of the July 2007 recommendation for surgery.

In addition to the apparent confusion concerning the underlying facts, it appears that the gravamen of the current complaint is that plaintiff disagrees with Dr. Dayan's decision not to recommend surgery.  However, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).  Thus, as currently drafted, it does not appear that plaintiff's complaint states a cognizable claim.  It could be that plaintiff is attempting to challenge the delay between diagnosis and initial specialty evaluation which served as the basis for Dr. Dayan's opinion on surgery.  Or, it could be that plaintiff challenges the failure to schedule surgery after defendant Diana's July 2007 consultation and recommendation.  The complaint is not clear on either of these points.

Plaintiff will be given an opportunity to amend the complaint.  In doing so, plaintiff should keep in mind that a difference in medical opinion cannot give rise to an Eighth Amendment claim.  However, delay in providing necessary treatment can.

///
///
///
///

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 11-110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

/ / /

/ / /

/ / /

/ / /

1   Accordingly, IT IS HEREBY ORDERED that:

2   1. Plaintiff's complaint, is dismissed with leave to amend; and

3   2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

DATED: April 4, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE